UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sandra Holderbaum, | : | Case No. 5:07CV1381 |
| | : | |
| Plaintiff | : | Judge Dan A. Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §405(g) seeking judicial review of the defendant's final determination denying the plaintiff's claim for disabled widow's insurance benefit's, 42 U.S.C. §402(e), is pending decision upon the parties submissions on the merits pursuant to which the plaintiff, for each of two reasons, seeks an order of remand, and defendant seeks a judgment upholding the decision below.

Section 402(e) essentially provides that the widow of a fully insured individual who "(1) has attained age 60, or (ii) has attained age 50 but has not attained age 60 and is under a disability (as defined in section 423(d)) of this title" may be entitled to an award of Social Security benefits. The plaintiff's husband died as a fully insured individual on April 4, 2002, when the plaintiff was slightly more than 52 years old (DOB January 16, 1950).[1]

Plaintiff applied for benefits on February 21, 2003, alleging an onset date of November 15, 1999.  In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or

---

[1] In an egregious error, which defendant's counsel did not correct in her brief, plaintiff's counsel's brief stated that the plaintiff was born on February 1, 1944.  If this had been correct it would have had a material bearing upon her entitlement to benefits under the age factors of §402(e).

conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "depression, severe leg's [sic] arm's [sic] and back pain—heart trouble—had hepatitis—have very bad migranes [sic]—have asthma—my heart stops at night's [sic]—I have a small leakage in my heart—had heart failure" and "I'm always in severe pain all the time. I have a lot of trouble walking, my legs give out from under me and crack like my bone [sic] are breaking—my heart skips beats—I have asthma attacks, have a lot of trouble breathing."

Upon denial of plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on November 23, 2005. Also testifying at that proceeding was a vocational expert, Mr. Bruce Growick.[2]

When asked by the ALJ why she is unable to work the plaintiff first stated "What keeps me from working is that the arthritis I'm going through so bad," which she maintained was "clear through my body." She also stated that "I have problems with my heart, stop beating in the night when I sleep. I do have medication for that," and that she has asthma all year round. When asked how she would rate "your pain with the medication that you use to treat" she responded "I would put a nine or a ten." On the non-exertional side, she testified that she has suffered from depression for at least six years, worsening since her husband's death, although acknowledging that she had never had mental health counseling. She also testified that she believed she could follow simple work rules, get along with supervisors, coworkers and the public, and generally functions independently.

On March 232, 2006 the ALJ entered his opinion denying plaintiff's claim. That decision became defendant's final determination upon denial of review by the Appeals Council on March 28,

---

[2] It appears that the hearing was conducted by video conference, with plaintiff and her counsel being in Mansfield, Ohio and the ALJ and Mr. Growick being in Columbus, Ohio.

2

2007. The ALJ's "Findings," which represent the rationale of decision, were:

1. The claimant meets all of the nondisability requirements for disabled widow's insurance benefits set forth in §202(e) of the Social Security Act (with the exception noted in 20 CFR §404.335(e)). Her prescribed period began April 2002 and ends April 2009.

2. The claimant has not been engaged in substantial gainful activity since her alleged disability onset date.

3. The claimant has the following impairments that reduce her ability to perform basic work-related functions: depression, anxiety, borderline intellectual functioning, early osteopenia/osteoarthritis, chronic obstructive pulmonary disease, degenerative disease of her lumbar spine, and inactive hepatitis.

4. The claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in, 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant's subjective complaints are disproportionate with and not supported by the objective and substantial evidence in the record to the extent they suggest that she is disabled.

6. The claimant has the residual functional capacity (RFC) to do the following: (1) lift and carry 50 pounds occasionally and 25 pounds frequently; (2) stand and/or walk about six hours in a workday; (3) sit for about six hours in a workday; (4) push and pull within normal limits (Exhibit 6F). She has no specific visual, communicative or environmental limitations. From a mental standpoint, she is limited to unskilled, simple repetitive tasks due to her borderline intellectual functioning.

7. The claimant retains the residual functional capacity to perform her past relevant work as a housekeeper.

8. The claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision.

The two arguments advanced in plaintiff's brief in support of remand are (1) that the ALJ failed to consider all of the limitations which result from plaintiff's severe impairments and (2) that evidence submitted after the hearing is new and material warranting remand.

It grieves this Court to say that plaintiff's brief is poorly written, but if this Court does not say

so when the occasion calls for such comment it is unlikely that future briefs will be any better.  In this Court's opinion there are considerations which were not addressed in that brief which cannot be ignored.

First, there is the fact that on January 16, 2005, during the pendency of her claim, the plaintiff reached age 55, moving from the category of "closely approaching advanced age" to "advanced age." Once she reached 55, under the standards of the Social Security "grids" if she was limited to light or sedentary work she would be deemed disabled, considering her education and lack of skilled or semiskilled work experience.  See, 20 C.F.R., Part 404, Subpart P, Appendix 2, Table I, Rules 201.01 and 201.02, and Table 2, Rules 202.01 and 202.02.

The importance of this, to this Court, is that there is virtually no discussion of the medical evidence in this record in the body of the ALJ's decision in support of the conclusion that the plaintiff is capable of medium work.  This Court recognizes that there appears to be scant objective medical evidence bearing upon the plaintiff's assertion that she suffers from arthritis of such severity that it produces debilitating pain.  That is all the more reason for the decision maker to provide a cogent analysis of that evidence in support of his conclusion.

Rather than provide such an analysis the ALJ simply stated:

> The claimant's physical RFC is based on the assessment of Paul Dillahunt, M.D., a BDD physician who reviewed the record for the purpose of determining the claimant's work-related abilities (Exhibit 6F).  Dr. Dillahunt's assessment is consistent with the findings of Dr. Beddard, who performed two independent consultative examinations (Exhibits 4F, 7F).  Dr. Beddard concluded that the claimant walked and sat comfortably and would be able to lift and handle objects (Exhibit 7F, p. 2).  No significant difficulties regarding the claimant's asthma were found.

The shortcoming of this insofar as providing substantial evidence in support of the conclusion that the plaintiff is capable of medium work, i.e., can lift and carry 50 pounds occasionally and 25 pounds

4

frequently, is that the opinion of the BDD review physician was expressed well before the bulk of the medical evidence was of record, and that while Dr. Beddard's reports contain the statement that the plaintiff would be able to lift and to handle objects he did not offer any opinion as to the weight of the objects the plaintiff could lift and handle.

Quite frankly, this Court has serious doubts as to whether this record would support a finding that the plaintiff is entitled to the benefits she seeks, but that does not excuse the ALJ failing to provide a decision which adequately articulates cogent reasons for concluding that this is so.

It is, therefore, recommended that the defendant's final determination be reversed and an order of remand pursuant to the fourth sentence of §405(g) be entered.[3]

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   April 2, 2008

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] While the scope of the further proceedings rests with the ALJ's discretion, this Court believes that it might be prudent for the ALJ to conduct a supplemental hearing to take testimony from a medical expert on the related questions of the support, or lack thereof, for the plaintiff's subjective complaints in light of the objective medical evidence and her residual functional capacity.