**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SANDRA HOLDERBAUM,** ) | Case No.  5:07 CV 1381 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **OPINION AND ORDER** |
| **COMMISSIONER OF** ) | |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Sandra Holderbaum's application for disabled widow's insurance benefits ("DWIB").  The case was referred to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b).  The Magistrate Judge recommends that the Court reverse the Commissioner's decision and order remand pursuant to the fourth sentence of  § 405(g).  (**ECF No. 18** ("R & R").)  The Commissioner timely filed objections to the R & R (ECF No. 19), and Holderbaum filed a brief in opposition to the Commissioner's objections (ECF No. 20).  Having reviewed the record and the parties' briefs, the Court **ADOPTS** the R & R, **OVERRULES** the Commissioner's objections, and **REMANDS** the case to the Commissioner for the reasons to follow.

## I. BACKGROUND

On February 21, 2003, Holderbaum applied for DWIB on the earnings record of her late husband. After her application was denied initially and on reconsideration, Holderbaum filed a request for a hearing, which was held on November 23, 2005 before an Administrative Law Judge ("ALJ"). Holderbaum was represented by counsel at the hearing. The ALJ, in a decision dated March 22, 2006, found that Holderbaum was not disabled and thus not eligible for DWIB. Among the ALJ's findings – and the heart of the Magistrate Judge's concern – is the conclusion that Holderbaum has a physical residual functional capacity ("RFC") to engage in medium work, i.e. that she can lift and carry 50 pounds occasionally and 25 pounds frequently. Holderbaum sought review of the hearing decision by the Appeals Council. The Appeals Council, however, declined to review the ALJ's decision in a notice of denial dated March 28, 2007, leaving the ALJ's decision as the final Commissioner's decision. Holderbaum sought review by the Court pursuant to 42 U.S.C. § 405(g).

On review, Holderbaum argues that (1) the ALJ failed to consider all of Holderbaum's mental and physical limitations, and thus the ALJ's finding on Holderbaum's mental and physical RFC is not supported by substantial evidence; and (2) evidence submitted after the hearing warrants remand to the ALJ for further consideration of Holderbaum's application. The Magistrate Judge, having reviewed the merits briefs and the record, explained that Holderbaum's attainment of age 55 during the pendency of her claim dictates that she would be considered "disabled" under the Social Security standards if she was limited to light or sedentary work. The Magistrate Judge then opined that "there is virtually no discussion of the medical evidence in this record in the body of the ALJ's decision in support of the conclusion

-2-

that the plaintiff is capable of medium work." (R & R, at 4.) Accordingly, the Magistrate Judge recommended remanding the case to the Commissioner under the fourth sentence of § 405(g) for further articulation and reasoned explanation by the ALJ of his RFC finding.[1] The R & R does not address Holderbaum's second argument on review.

The Commissioner objects to the R & R on the following bases. (ECF No. 19.) First, Holderbaum waived a challenge to the ALJ's RFC because she did not specifically challenge the ALJ's finding that she could meet the lifting requirements of medium work. (Id. at 1-2.) Rather, she only argued that the ALJ should have found additional restrictions on her ability to grip and manipulate objects and a limitation on her ability to stand or walk due to her use of a cane. (Id. at 2.) Second, the ALJ sufficiently articulated his rationale for finding that Holderbaum retained the RFC to do medium work. (Id. at 2-3.)

Holderbaum replies that she challenged the ALJ's RFC determination as a whole, noting in particular his failure to address her mental limitations, her hand limitations and her use of a cane.

## II. STANDARD OF REVIEW

Although the standard of review for a magistrate judge's report and recommendation is *de novo* when objections are made, this Court's review of a final decision of the Commissioner is limited to whether there is substantial evidence in the record to support the

---

[1] A reviewing court may order remand pursuant to the fourth sentence of 42 U.S.C. § 405(g), in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision because it is not supported by substantial evidence or contains legal error. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (distinguishing between sentence four and sentence six remands); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-87 (6th Cir. 2006).

ALJ's factual findings.  *Miller, ex rel. Devine v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 146, 149 (6th Cir. 2002) (citing Fed. R. Civ. P. 72(b)).

## III.  ANALYSIS

The ALJ concluded that Holderbaum retained the RFC to lift and carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about six hours in a workday; sit for about six hours in a workday; push and pull within normal limits; balance, stoop, kneel, crouch, crawl, and climb within normal limits; and manipulate with her hands and fingers within normal limits.  The ALJ also concluded that Holderbaum was limited to unskilled, simple repetitive tasks.

The ALJ based this assessment on the opinion of Paul Dillahunt, M.D., a State Board of Disability Determination physician who reviewed the record in June 2003 for the purpose of determining Holderbaum's work-related abilities.  The ALJ found that Dr. Dillahunt's assessment was consistent with the findings of Dr. Beddard, who performed two consultative examinations in April and August 2003 and determined that Holderbaum "walked and sat comfortably and would be able to lift and handle objects."  (R. 19-20.)  The ALJ based Holderbaum's mental RFC on the assessment of Doctors Flynn and Umana, both of whom concluded in 2003 that Holderbaum was "capable of at least simple work tasks, routines, relationships, and adjustments."  (R. 20.)  The ALJ also noted that Holderbaum's complaints of pain were disproportionate with, and not supported by, the objective and substantial evidence in the record.

The problem with the ALJ's RFC assessment is that it depends entirely on the opinions of health professionals whose review of the records is confined to those records

predating their review in 2003 (Dr. Dillahunt and Dr. Flynn and Dr. Umana) or who examined Holderbaum in 2003 (Dr. Beddard). It makes little mention of the medical evidence in the record after 2003.

The Commissioner argues that the medical evidence supports the conclusion that Holderbaum had no limitations on the use of her hands, based on Dr. Beddard's 2003 evaluation and the notes of a nurse practitioner in September 2003 stating that Holderbaum's hands were not swollen and she was able to move all joints. (ECF No. 17, at 14-15.) Evidence in September 2004 and February 2005, however, reveals progressive osteoarthritic changes involving multiple joints (hands, elbows, knees, ankles, feet and chest), with extensive arthritic changes in Holderbaum's hands, Heberden's nodes and particularly severe involvement at the CM Joint of both thumbs. (R. 197, 218, 219.) Furthermore, Holderbaum testified at the hearing that she had right carpal tunnel syndrome, she previously had undergone surgery for left carpal tunnel syndrome, she had arthritis in her thumbs and all of this made it difficult for her to hold, grasp and manipulate things, to reach for objects over her head, or to lift objects weighing 20 to 25 pounds more than once or twice a day. (R. 328-29.)

The Commissioner argues that the evidence does not support the need for a cane based on Dr. Beddard's observations in 2003, and despite Dr. Reynolds' prescription for a cane in April 2004. (ECF No. 17, at 15-16.) The Commissioner states, "Although Dr. Reynolds wrote [Holderbaum] a prescription for a cane in April 2004, his treatment records indicate that he did so because of [her] subjective complaints of back pain and her desire to have a cane (Tr. 202)." (Id. at 16.) In fact, the record shows that it was Dr. Reynolds' opinion that Holderbaum suffered degenerative disk disease, and that he wanted her to undergo basic metabolic and CRP

-5-

testing to evaluate her for inflammatory arthritis of the back.  (Tr. 202.)  Furthermore, X-rays show that Holderbaum suffered degenerative joint disease, particularly involving narrowed L2-L4 disk spaces, as early as April 2003.  (R. 139.)  And Holderbaum testified at the hearing that she had been using her cane since it was prescribed (R. 310-11), her left leg gave out from under her "all the time" (R. 311), she had pain when she tried to lift or stoop down to make her bed (R. 320), she could stand only one hour at a time (R. 326), and she could not climb stairs (R. 328).

Frankly, on this record, it is hard to imagine how, at the time of the administrative hearing in November 2005, Holderbaum could perform her previous work as a housekeeper with a cane and without the unfettered use of her hands.  Because it appears that the ALJ failed to take into account the medical evidence post-dating 2003 in reaching his RFC assessment, the case is remanded under sentence four of § 405(g) to consider the aforementioned evidence, along with the evidence in the record post-dating the ALJ's decision (R. 223-296).

The Court notes that, even if it concluded otherwise, it would remand the case to the Commissioner under the sixth sentence of § 405(g).[2]  Holderbaum submitted evidence after the ALJ's decision that is new, non-cumulative and material.  Specifically, in May 2006, Dr. Earl Browne examined Holderbaum and found a deteriorating cubital tunnel and the possibility of

---

[2] A reviewing court may order remand pursuant to the sixth sentence of § 405(g), without any ruling on the merits, for consideration of new and material evidence that, for good cause, was not previously presented to the Commissioner.  *See Shalala v. Schaefer*, 509 U.S. at 297; *Hollon*, 477 F.3d at 483-87.

The Court notes that the Magistrate Judge did not address the merits of Holderbaum's alternative argument, that the case should be remanded under sentence six of § 405(g) based on new, material evidence. It is preferable for the Magistrate Judge to address all significant arguments raised by the plaintiff in a Social Security merits brief.  This will give the Court an alternative basis upon which to rule in the event it disagrees with the Magistrate Judge's partial recommendation, as well as give the parties the opportunity to file objections to the Magistrate Judge's recommendation on the alternative arguments.

permanent loss if it was not released, and recommended ulnar nerve release surgery and carpal tunnel release surgery of the right elbow and hand.  (R. 285.)  The following month, Holderbaum underwent both surgeries.  (R. 287.)  This evidence is new because it could not have been produced earlier.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)).  It is material since it directly impacts the ALJ's assessment in November 2005 that Holderbaum had no hand limitations and retained the RFC to lift objects weighing 50 pounds occasionally and 25 pounds frequently.  *Id*.

## IV.  CONCLUSION

Because the ALJ failed to take into account the medical evidence post-dating 2003 in reaching his RFC assessment, the case is hereby **REMANDED** under sentence four of § 405(g) to consider that evidence, along with the evidence in the record post-dating the ALJ's decision.  Accordingly, the R & R (**ECF No. 18**) is **ADOPTED** and the Commissioner's Objections (**ECF No. 19**) are **OVERRULED**.

**IT IS SO ORDERED.**

 /s/Dan Aaron Polster     July 28, 2008
**Dan Aaron Polster**
**United States District Judge**